Filed 4/26/22  P. v. Rosales CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MANUEL ROSALES, JR.,<br><br>    Defendant and Appellant. | B312638<br><br>(Los Angeles County<br>Super. Ct. No. BA121229) |

        APPEAL from an order of the Superior Court of Los Angeles County.  Larry P. Fidler, Judge.  Affirmed.

        Mark D. Lenenberg, under appointment by the Court of Appeal, for Defendant and Appellant.

        Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Amanda V. Lopez and Gary A. Lieberman, Deputy Attorneys General, for Plaintiff and Respondent.

_____

In 1997, defendant and appellant Manuel Rosales, Jr., was convicted by a jury of first degree murder (Pen. Code, § 187, subd. (a))[1] and five counts of attempted murder (§§ 664/187, subd. (a)). The jury also found true the allegation that defendant personally used a firearm (§ 12022.5, subd. (a)).[2] He was sentenced to life in state prison for a term of 54 years 8 months to life.

Defendant timely appealed his conviction, and on April 1, 1999, we modified the judgment to reflect a restitution fine of $5,000 and otherwise affirmed. (*People v. Rodriguez* (Apr. 1, 1999, B115165 [nonpub. opn.], at p. 24.) In 2019, defendant filed a petition for resentencing pursuant to section 1170.95. Over the People's opposition, the trial court found that defendant had established a prima facie case for relief, issued an order to show cause, and held an evidentiary hearing pursuant to section 1170.95, subdivision (d).

After the evidentiary hearing, at which no party introduced new evidence, the trial court denied defendant's petition. Defendant timely filed a notice of appeal.

We affirm the trial court's order.

## FACTUAL BACKGROUND

"[Defendant's] conviction[] resulted from the shootings which caused the death of three-year-old Stephanie Kuhen, a passenger in a car whose driver drove down the wrong street and

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] Defendant's codefendants, Anthony Rodriguez (Rodriguez) and Hugo Gomez (Gomez) were also convicted.

found himself in gang territory." (*People v. Rodriguez, supra*, B115165, at p. 2.)

In defendant's direct appeal, he "assert[ed] that although he was convicted on an aiding and abetting theory, there was no evidence he intended to aid and abet the others in the murder of Stephanie Kuhen." (*People v. Rodriguez, supra*, B115165, at p. 17.) "[S]ince he did not fire the fatal bullet and only commenced firing after the fatal injury was inflicted," he claimed that he could not be convicted of murder. (*Ibid*.) We rejected that argument, noting the prosecution's argument "that each of the three appellants [Rodriguez, Gomez, and defendant] was guilty of the murder of Stephanie Kuhen either as the actual perpetrator or as an aider and abettor. The evidence established that, prior to the shooting incident, all three appellants were among the individuals, some of whom were visibly armed, who confronted the driver of the brown car which entered the alley, leading to the reasonable inference that they were engaged in the joint venture of protecting their territory from intruders." (*Id*. at p. 18, fn. omitted.) When the driver tried to escape the alley, Rodriguez and Gomez began firing at the vehicle. "Whether or not [defendant] was able to see these events, he certainly heard the gunshots." (*Ibid*.) When the car was finally able to pull away, defendant "chased after the car and repeatedly fired at it. He was thus an aider and abettor in the murder in that he aided or promoted the commission of the murder with knowledge of his confederates' unlawful purpose and the intent to commit or facilitate the commission of the crime, and he was an aider and abettor at the time Rodriguez and Gomez fired their shots. It cannot be said under any interpretation of the evidence that [defendant] only formed the requisite intent as an aider and

3

abettor after Rodriguez and Gomez finished firing.  Nor can it be said under any interpretation of the evidence that [defendant] did not chase the car and fire at it with the intent to kill the occupants.  The fact that Stephanie Kuhen had already been fatally shot does not detract from [defendant's] role as an aider and abettor in the criminal enterprise." (*Id*. at p. 19, fn. omitted.)

## PROCEDURAL BACKGROUND

### I. *Section 1170.95 Petition*

In 2019, defendant filed a petition to be resentenced pursuant to section 1170.95.

### II. *The People's Opposition*

The People opposed defendant's petition, arguing that because defendant could still be convicted of murder as a direct aider and abettor, he was not entitled to resentencing relief.

### III. *Hearing on Defendant's Petition and Trial Court Order*

After issuing an order to show cause, the trial court held a hearing on defendant's petition.  No party introduced new evidence.

Ultimately, the trial court denied defendant's petition.  In so ruling, the trial court noted:  "The theory of natural and probable consequences was not presented to the jury.  The only felony murder theory given to the jury was for second degree murder, which the jury rejected.  [Defendant] was convicted as an aider and abettor.

"At the hearing, counsel for [defendant] argued that 'he was not a major participant who acted with a reckless indifference to human life in these activities.'  The evidence shows, as set forth [in the prior appellate opinion], beyond a reasonable doubt he was.  But in any event, the above quote is only relevant if a defendant was convicted under a felony murder theory [citation].

4

"[Defendant] could still be prosecuted and convicted beyond a reasonable doubt under P.C. Sections 188 and 189."

The trial court then added that "[p]rotecting gang turf may establish a motive to kill."

## DISCUSSION

I. *Relevant law*

Effective January 1, 2019, Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Sen. Bill 1437) was enacted to "amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) To accomplish this, Sen. Bill 1437 amended sections 188 and 189. (Stats. 2018, ch. 1015, §§ 2-3.) As amended, section 188 provides: "Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3).) As added by Sen. Bill 1437, section 189, subdivision (e), provides: "'A participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) . . . in which a death occurs is liable for murder only if one of the following is proven: [¶] '(1) The person was the actual killer. [¶] '(2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] '(3) The person was a major participant in the underlying felony and acted with

reckless indifference to human life. . . .'" (See *People v. Ramirez* (2019) 41 Cal.App.5th 923, 928.)

Sen. Bill 1437 also added section 1170.95, which provides a mechanism whereby people "who believe they were convicted of murder for an act that no longer qualifies as murder following the crime's redefinition in 2019[] may seek vacatur of their murder conviction and resentencing by filing a petition in the trial court." (*People v. Drayton* (2020) 47 Cal.App.5th 965, 973.)

In order to obtain resentencing relief, the petitioner must file a facially sufficient section 1170.95 petition. (§ 1170.95, subds. (a)(1)-(3), (b)(1)(A).) If a petitioner does so, then the trial court proceeds to section 1170.95, subdivision (c), to assess whether the petitioner has made a prima facia showing for relief, thereby meriting an evidentiary hearing. (*People v. Lewis* (2021) 11 Cal.5th 952, 957.) When making this determination, "the trial court should assume all facts stated in the section 1170.95 petition are true. [Citation.] The trial court should not evaluate the credibility of the petition's assertions, but it need not credit factual assertions that are untrue as a matter of law . . . . [I]f the record 'contain[s] facts refuting the allegations made in the petition . . . the court is justified in making a credibility determination adverse to the petitioner.' [Citation.] However, this authority to make determinations without conducting an evidentiary hearing . . . is limited to readily ascertainable facts from the record (such as the crime of conviction), rather than factfinding involving the weighing of evidence or the exercise of discretion (such as determining whether the petitioner showed reckless indifference to human life in the commission of the crime)." (*People v. Drayton*, *supra*, 47 Cal.App.5th at p. 980; see also *People v. Lewis*, *supra*, at pp. 970–971.) In other words, a

defendant is ineligible for relief only where the record conclusively shows that the jury actually relied—and the defendant's murder conviction actually rests—upon a theory of liability that is unaffected by section 1170.95.

If the trial court determines that the petitioner has made a prima facie showing of entitlement to relief, it must issue an order to show cause and hold an evidentiary hearing. (§ 1170.95, subd. (c).) At the evidentiary hearing, the parties may rely upon evidence in the record of conviction or new evidence to demonstrate whether the petitioner is eligible for resentencing. (§ 1170.95, subd. (d)(3).) The prosecution bears the burden of proving, "beyond a reasonable doubt, that the petitioner is ineligible for resentencing." (§ 1170.95, subd. (d)(3).) If the prosecution cannot meet its burden, and the petitioner prevails, he is entitled to vacatur of the murder conviction and resentencing as set forth in section 1170.95, subdivision (e).

II. *The trial court properly denied defendant's petition for resentencing*

A. <u>Defendant was ineligible for section 1170.95 relief as a matter of law</u>

As pointed out by the People, the trial court could have denied defendant's petition at the prima facie stage. "Section 1170.95 applies only to persons 'convicted of felony murder or murder under a natural and probable consequences theory.'" (*People v. Medrano* (2021) 68 Cal.App.5th 177, 182.) Defendant here was not so convicted. As the trial court expressly found, "[t]he only felony murder theory given to the jury was for second degree murder, which the jury rejected" by convicting defendant of first degree murder. And, as noted in our prior opinion, "[t]his case was not argued, nor was the jury instructed, on the theory of

7

natural and probable consequences." (*People v. Rodriguez, supra*, B115165, at p. 18, fn. 11.)

Urging us to reverse, defendant argues that he may have been convicted under another imputed malice theory. And, according to defendant's argument in his reply brief, Senate Bill No. 775 (Reg. Sess. 2021-2022), which amended section 1170.95 effective January 1, 2022, "made clear that resentencing under section 1170.95 is not limited to murders prosecuted under a theory of felony-murder or the natural and probable consequences doctrine. Instead, it now reaches cases prosecuted pursuant to a 'theory under which malice is imputed to a person based solely on that person's participation in a crime.'" He asserts that the "improper theory is revealed by" CALJIC No. 3.00, which instructed the jury that "[e]ach principal, regardless of the extent or manner of participation is equally guilty." Relying upon *People v. McCoy* (2001) 25 Cal.4th 1111 (*McCoy*), *People v. Samaniego* (2009) 172 Cal.App.4th 1148 (*Samaniego*), and *People v. Nero* (2010) 181 Cal.App.4th 504 (*Nero*), defendant argues that the "'equally guilty' language" allowed the jury to impute his intent to kill from the intent of his codefendants. We disagree.

"What *McCoy*, *Samaniego*, and *Nero* stand for . . . is the unremarkable proposition that the extent of an aider and abettor's liability is dependent upon his particular mental state, which may, under the specific facts of any given case, be the same as, or greater or lesser than that of the direct perpetrator. [Citation.] *Samaniego* and *Nero* take the matter a step further. . . by holding that pattern aiding and abetting instructions, to the extent they describe aiders and abettors and direct perpetrators as being 'equally guilty,' may be misleading

8

under certain circumstances." (*People v. Mejia* (2012) 211 Cal.App.4th 586, 624.)

While the phrase "equally guilty" in CALJIC No. 3.00 might be misleading and confusing in certain cases (*Nero, supra,* 181 Cal.App.4th at p. 518), there is no indication that the jury here was confused and mistakenly convicted defendant based upon his codefendants' intent. After all, the jury was also instructed with CALJIC No. 3.01.[3] Any potential misdirection in CALJIC No. 3.00 was cured by CALJIC No. 3.01's clear requirement of what the jury had to find in order to convict defendant as an aider and abettor. (*People v. Amezcua and Flores* (2019) 6 Cal.5th 886, 917–919.)

Furthermore, the trial court instructed the jury with CALJIC No. 8.66: In order to prove attempted murder it had to find that defendant "harbored express malice aforethought, namely, a specific intent to kill unlawfully another human being." By convicting defendant of multiple counts of attempted murder—of which he was a direct perpetrator—the jury necessarily found that he harbored an intent to kill.

Finally, as set forth in our prior opinion, defendant and his codefendants "were engaged in the joint venture of protecting their territory from intruders." (*People v. Rodriguez, supra,* B115165, at p. 18.) Given their collaboration and cooperation in

---

[3] CALJIC No. 3.01 provides, in relevant part: "A person aids and abets the [commission] [or] [attempted] commission] of a crime when he or she, [¶] (1) with knowledge of the unlawful purpose of the perpetrator and [¶] (2) with the intent or purpose of committing or encouraging or facilitating the commission of the crime, and [¶] (3) by act or advice aids, promotes, encourages or instigates the commission of the crime."

9

executing these crimes, the evidence does not in any way suggest that defendant had a different state of mind than his codefendants. (See, e.g., *People v. Sandoval* (1992) 4 Cal.4th 155, 175 [protecting gang "turf" may establish a motive to kill].)

B. <u>After the evidentiary hearing, the trial court determined beyond a reasonable doubt that defendant was guilty of murder under current law</u>

The trial court properly denied defendant's petition for resentencing because, after the evidentiary hearing, the trial court acted as an independent factfinder and determined, beyond a reasonable doubt, that defendant was guilty of murder under current law. (*People v. Duchine* (2021) 60 Cal.App.5th 798, 813–814.)

Urging us to reverse, defendant argues that the trial court "expressly utilized the wrong burden of proof in denying the petition, stating, 'The petitioner *could still be prosecuted and convicted* beyond a reasonable doubt under P.C. sections 188 and 189.'" Defendant ignores the trial court's prior comment that "[t]he evidence shows . . . beyond a reasonable doubt [that defendant] was" a major participant who acted with reckless indifference to human life. When read in context, these comments show that the trial court correctly acted as an independent factfinder. (*Los Angeles Unified School District v. Torres Construction Corp.* (2020) 57 Cal.App.5th 480, 500 ["The court's comments as a whole show a correct understanding of the law"].)

Defendant resists this conclusion by arguing that the trial court's comment regarding defendant's status as a major participant who acted with reckless indifference to human life would only be informative if defendant had been convicted under

10

a theory of felony murder, which he was not.  Regardless of whether defendant is correct that the "major participant who acted with reckless indifference" standard only applies in the context of felony murder, that observation does not compel the conclusion that the trial court did not act as an independent factfinder when it denied defendant's petition on other grounds.

No remand is necessary.[4]

## DISPOSITION

The order denying defendant's section 1170.95 petition is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


_____, J.
           ASHMANN-GERST

We concur:


_____, P. J.
LUI


_____, J.
HOFFSTADT

---

[4]     In light of our determination that (1) defendant's petition could have been denied at the prima facie stage, and (2) the trial court applied the correct standard of review, we need not reach defendant's argument that the trial court's alleged application of an improper burden of proof constitutes prejudicial error.  We also do not address defendant's contention that the alleged error violated his constitutional rights.